RECEIVED IL
11/23/2020
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Rose Minge,<br>    Plaintiff,<br><br>v.<br><br>John H. Stroger, Jr. Hospital of Cook County,<br>    Defendant. | Case No: **Case 1:20-cv-06935**<br>**Judge Elaine E. Bucklo**<br>**Magistrate Judge Maria Valdez** |

## COMPLAINT

NOW COMES Plaintiff, ROSE MINGE, on her own behalf, complaining of Defendant, JOHN H. STROGER, JR. HOSPITAL OF COOK COUNTY, and in support thereof states as follows:

### INTRODUCTION

1. This action is brought pursuant to Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. 12111, et seq.; Title V, Section 503 of the ADA, 42 U.S.C. 12203; and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq.; and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq.

### VENUE

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) and 1402. The events alleged within occurred in the Northern District of Illinois and Plaintiff resides in the Northern District of Illinois.

### THE PARTIES

4. Rose Minge resides in the Northern District of Illinois.

1

5. Defendant John H. Stroger, Jr. Hospital of Cook County is in the Northern District of Illinois.

## FACTUAL ALLEGATIONS

6. Plaintiff Rose Minge has been an employee of Defendant John H. Stroger Hospital of Cook County ("Stroger Hospital") since August 7, 1995.

7. For over twenty-five years, and during all relevant periods described in this Complaint, Plaintiff's job performance as Ward Clerk has met Defendant's expectations.

8. For the last several years, employees of Defendant, acting within the scope of their employment, have subjected Plaintiff to a hostile work environment and discrimination based on her religion, race, age, sex, and disability.

9. Additionally, employees of Defendant, acting within the scope of their employment, retaliated against Plaintiff for filing legitimate complaints with the Illinois Department of Human Rights ("IDHR") and Equal Employment Opportunity Commission ("EEOC") regarding the hostile work environment and discrimination.

10. During the relevant period from January 2018 to the present, Defendant has suspended Plaintiff at least four times.

11. Defendant has allowed Plaintiff's supervisors and coworkers to bully her on a regular basis based on her protected statuses as a Pentecostal Black woman, over the age 40, suffering from major depression.

12. Plaintiff received Right to Sue Letters for the EEOC charges laid out below on August 25, 2020.

    **I.**     **EEOC Charge No. 21BA9002 – January 1, 2018 through October 1, 2018.**

13. On October 1, 2018, Plaintiff filed EEOC charge No. 21BA90002.

14. Defendant's employees Kandice Hightower and Loretta Wiley, two of Plaintiff's supervisors, engaged in a continuous practice of harassment and intimidation from January 2018 to July 23, 2018, due to Plaintiff's age.

15. Ms. Hightower and Ms. Wiley repeatedly and unfairly criticized Plaintiff's work performance and do not criticize similarly situated employees with the same harshness and animus.

16. Ms. Hightower and Ms. Wiley engaged in a pattern of verbal harassment and intimidation of Plaintiff by frequently yelling at her in a humiliating manner.

17. Ms. Hightower and Ms. Wiley permitted Plaintiff's coworkers to verbally abuse Plaintiff and failed to take any disciplinary action against the offending coworkers.

18. Ms. Hightower and Ms. Wiley routinely excluded Plaintiff from discussions about work-related issues in her department.

19. Ms. Hightower and Ms. Wiley repeatedly ignored Plaintiff's complaints regarding harassment from other co-workers.

20. In July 2018, Dr. Abul Reahl Mohammad, Associate Director of Medical Surgery, made a disparaging comment to Plaintiff about her blond hair, remarking that she resembled President Donald Trump. This remark humiliated Plaintiff in the presence of her coworkers.

21. Plaintiff's supervisor Darleen Vlahovic was present when Dr. Mohammad made this remark and laughed in response.

22. Dr. Mohammad and Ms. Vlahovic's ridicule caused Plaintiff to feel ashamed and humiliated.

23. Plaintiff reported this incident to Diane Palmer, the president of Plaintiff's union.

24. Various staff members used offensive slurs against Plaintiff, calling her "ho" and "bitch." Plaintiff reported this misconduct, and her supervisors took no remedial action to protect Plaintiff from harassment.

25. In one incident during the complaint period of EEOC charge No. 21BA90002, Plaintiff accidentally knocked a garbage can over and Ms. Hightower left her nearby office to yell at Plaintiff. On that day, there were two police holds on the ward, meaning police officers were standing in the area while Plaintiff was being berated.

26. Ms. Hightower accused Plaintiff of refusing to pick up the trash, but Plaintiff was in fact in the process of finding a broom and calling for the housekeeper.

27. Plaintiff made a complaint about this incident to Mr. Michael Provines of the Illinois Labor Relations Board.

28. In early spring 2018, Plaintiff complained to Alia Choudhury, EEO officer for Defendant, about the harassment from Ms. Hightower, Ms. Wiley, and other of Defendant's employees.

29. After March 2018, following Plaintiff's complaint to Ms. Choudhury, the harassment from various employees of Defendant continued unabated and was motivated in part by retaliatory animus against Plaintiff for engaging in the statutorily protected complaint process.

30. On July 23, 2018, Plaintiff took mental health leave from work which lasted until September 5, 2018. While she was on leave, Plaintiff attended nineteen therapy sessions led by a social worker and psychiatrist.

31. Plaintiff requested mental health leave because of the anguish and emotional distress she was suffering due to the hostile work environment created by Defendant.

32. While on leave, Plaintiff only earned 60% of her salary.

33. On October 2, 2018, one day after filing EEOC Charge No. 21BA90002, Ms. Hightower and Ms. Wiley issued a verbal reprimand to Plaintiff allegedly for using profanity.

## II. EEOC Charge No. 21B201901353 – July 24, 2018 through June 6, 2019.

34. On June 6, 2019, Plaintiff filed EEOC Charge No. 21B201901353.

35. From July 24, 2018 to the June 6, 2019, Ms. Hightower and Ms. Darleen Vlahovic have permitted other employees to make demeaning remarks about Plaintiff and in Plaintiff's presence.

36. Ms. Hightower and Ms. Vlahovic speak condescendingly to Plaintiff and scrutinize her job performance harshly and unfairly relative to other employees.

37. Defendant has created a hostile work environment by permitting Ms. Hightower, Ms. Vlahovic, and other employees to routinely demean Plaintiff with derogatory comments.

38. After Plaintiff returned from mental health leave in September 2018, she was immediately subjected to the same course of harassment. Suffering severe emotional distress and mental anguish, Plaintiff was compelled to take leave again on October 5, 2018.

39. Plaintiff went on leave without pay from October 5, 2018 until January 8, 2019.

40. In March 2019, Ms. Hightower added information critical of Plaintiff to Plaintiff's performance evaluation after Plaintiff had signed it.

## III. EEOC Charge No. 218A91854 – July 2019 through August 21, 2019

41. On August 21, 2019, Plaintiff filed EEOC Charge No. 218A91854.

42. On August 20, 2019, Ms. Hightower suspended Plaintiff for three days, effective August 26, 2019.

43. This adverse action followed Plaintiff's involvement in protected activity, namely filing discrimination and retaliation charges with the IDHR and EEOC.

44. Similarly situated employees below the age of 40 were treated more favorably than Plaintiff under similar circumstances.

45. Similarly situated non-Black employees were treated more favorably than Plaintiff under similar circumstances.

46. Similarly situated male employees were treated more favorably than Plaintiff under similar circumstances.

47. Similarly situated employees with mental disabilities or major depression were treated more favorable than Plaintiff under similar circumstances.

   **IV.     EEOC Charge No. 21BA90718 – January 7, 2019 through March 1, 2019**

48. On March 1, 2019, Plaintiff filed EEOC Charge No. 21BA90718**.**

49. After returning from mental health leave in January 2019, Plaintiff presented the Equal Employment Opportunity officer for Defendant, whose first name she believes is Nicholas, with a letter from her psychiatrist recommending a job reassignment.

50. Plaintiff explained that she was suffering daily humiliation and a hostile work environment, however Defendant denied Plaintiff's request for a job reassignment.

51. Plaintiff's religion is Pentecostal and her religious beliefs are sincere.

52. Defendant is aware of Plaintiff's sincerely held religious beliefs.

53. On or about January 7, 2019, Plaintiff requested a reasonable accommodation in the form of an exemption from Defendant's mandatory vaccination policy, due to Plaintiff's religious beliefs.

54. On January 25, 2019, Ms. Hightower denied Plaintiff's request for a religious accommodation.

55. Similarly situated non-Pentecostal employees have been afforded reasonable accommodations for their religious beliefs.

56. On February 17, 2019, Ms. Hightower suspended Plaintiff for five days without pay for violating Respondent's mandatory vaccination policy.

57. Similarly situated non-Pentecostal employees were not suspended under similar circumstances.

58. On February 25, Ms. Hightower suspended Plaintiff without pay for one day, effective March 7, 2019, for allegedly violating workplace policies.

59. Plaintiff was 49 years of age at the time of the one-day suspension.

60. Ms. Hightower, who is in their thirties, suspended Plaintiff for one day, where similarly situated employees under the age of 40 were not suspended under similar circumstances.

61. Plaintiff is diagnosed with depression, a mental disability covered by § 12101 of the ADA.

62. Ms. Hightower suspended Plaintiff for one day, where similarly situated employees with mental disabilities were not suspended under similar circumstances.

63. Plaintiff had filed separate discrimination charges with IDHR against Defendant on September 28, 2018 and October 4, 2018.

64. Defendant took adverse action by suspending Plaintiff without pay on February 25, 2019 while Plaintiff was pursuing her claims with IDHR.

65. Defendant suspended Plaintiff on February 25, 2019 with retaliatory intent based on Plaintiff's protected engagement with the IDHR complaint process.

**V.     EEOC Charge No. 21B202000234 – August 20, 2019 through November 6, 2019.**

66. On November 6, 2019, Plaintiff filed EEOC Charge No. 21B202000234.

67. From August 20, 2019 through the present, Ms. Hightower continued to allow coworkers to make offense, hostile comments to Plaintiff daily.

68. On November 4, 2020, Ms. Hightower suspended Plaintiff for five days, again, allegedly because Plaintiff had been sending emails to department heads.

69. Plaintiff's five-day suspension on November 4, 2020 was motivated by unlawful discrimination based on her age, sex, race, and disability.

70. Plaintiff was 50 years-old at the time of the November 4 suspension. Defendant treats similarly situated employees below the age of 40 more favorably under similar circumstances.

71. Plaintiff's sex is female. Defendant treats similarly situated male employees more favorably under similar circumstances.

72. Plaintiff's race is Black. Defendant treats similarly situated non-Black employees more favorably under similar circumstances.

73. Plaintiff is diagnosed with depression, a mental disability. Defendant treats similarly situated employees with disabilities more favorably under similar circumstances.

**VI. EEOC Charge No. 21BA01297 – November 2019 through April 2020**

74. On April 27, 2020, Plaintiff filed EEOC Charge No. 21BA01297.

75. During the relevant complaint period, Ms. Hightower denied Plaintiff's requests to rearrange her schedule and lunch breaks, which other employees were regularly permitted to do.

76. Ms. Hightower denied Plaintiff's request to register for computer classes sponsored by Defendant, a benefit Ms. Hightower regularly extended to other employees.

77. Ms. Hightower did not allow Plaintiff to dress in jeans while working on weekends, which other employees were regularly permitted to do.

78. This adverse action followed Plaintiff's involvement in protected activity, namely filing discrimination and retaliation charges with the IDHR and EEOC.

79. Similarly situated employees below the age of 40 were treated more favorably than Plaintiff under similar circumstances.

80. Similarly situated non-Black employees were treated more favorably than Plaintiff under similar circumstances.

81. Similarly situated male employees were treated more favorably than Plaintiff under similar circumstances.

82. Similarly situated employees with mental disabilities or major depression were treated more favorable than Plaintiff under similar circumstances.

## COUNT I
### Title I of the ADA, 42 U.S.C. 12111, et seq.
### Discrimination Based on Disability

83. Plaintiff re-alleges and incorporates all the allegations in the preceding paragraphs.

84. Defendant's pattern of harassment against Plaintiff was based on her mental disability, major depression.

85. Defendant's harassment was severe and pervasive.

86. Defendant is liable for the discriminatory conduct of its employees, who are Plaintiff's supervisors and coworkers.

87. Defendant is liable for subjecting Plaintiff to a hostile work environment.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, costs, and such other and additional relief as this Court deems equitable and just.

## COUNT II
### Title V, Section 503 of the ADA, 42 U.S.C. 12203
### Retaliation

88. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

89. Plaintiff engaged in statutorily protected activity by filing disability-based discrimination charges against Defendant with IDHR and EEOC.

90. Plaintiff performed her job according to Defendant's expectations from the beginning of her employment twenty-five years ago, through the duration of the administrative complaint process, and to the present.

91. Plaintiff suffered adverse employment action in the form of suspensions without pay, harassment, demeaning and abusive comments.

92. Plaintiff was treated less favorably than similarly situated employees and is continually singled out for abusive treatment by both supervisors and coworkers.

93. Defendant is liable for the actions of its employees who retaliated against Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, costs, and such other and additional relief as this Court deems equitable and just.

## COUNT III
### Title I of the ADA of 1990, 42 U.S.C. 12111, et seq.
### Discrimination Based on Age

94. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

95. Defendant's pattern of harassment against Plaintiff was based on her age.

96. Defendant's harassment was severe and pervasive.

97. Defendant is liable for the discriminatory conduct of its employees, who are Plaintiff's supervisors and coworkers.

98. Defendant is liable for subjecting Plaintiff to a hostile work environment.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, costs, and such other and additional relief as this Court deems equitable and just.

## COUNT IV
### Title V, Section 503 of the ADA, 42 U.S.C. 12203
### Retaliation

99. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

100. Plaintiff engaged in statutorily protected activity by filing age-based discrimination charges against Defendant with IDHR and EEOC.

101. Plaintiff performed her job according to Defendant's expectations from the beginning of her employment twenty-five years ago, through the duration of the administrative complaint process, and to the present.

102. Plaintiff suffered adverse employment action in the form of suspensions without pay, harassment, demeaning and abusive comments.

103. Plaintiff was treated less favorably than similarly situated employees and is continually singled out for abusive treatment by both supervisors and coworkers.

104. Defendant is liable for the actions of its employees who retaliated against Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, costs, and such other and additional relief as this Court deems equitable and just.

## COUNT V
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq.
### Discrimination Based on Religion

105. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

106. Plaintiff's religion is Pentecostal and her religious beliefs are sincere.

107. Defendant's pattern of harassment against Plaintiff was based on her religion.

108. Defendant's harassment was severe and pervasive.

109. Plaintiff suffered adverse employment action for requesting an exemption from Defendant's vaccination policy because it violates her religious beliefs.

110. Plaintiff was treated less favorably than similarly situated employees and is continually singled out for abusive treatment by both supervisors and coworkers.

111. Defendant is liable for the actions of its employees who retaliated against Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendant for compensatory damages, punitive damages, costs, and such other and additional relief that this Court deems equitable and just

## COUNT VI
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq.**
**Retaliation**

112. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

113. Plaintiff engaged in statutorily protected activity by filing charges of religious discrimination against Defendant with IDHR and EEOC.

114. Plaintiff performed her job according to Defendant's expectations from the beginning of her employment twenty-five years ago, through the duration of the administrative complaint process, and to the present.

115. Plaintiff suffered adverse employment action in the form of suspensions without pay, harassment, demeaning and abusive comments.

116. Plaintiff was treated less favorably than similarly situated employees and is continually singled out for abusive treatment by both supervisors and coworkers.

WHEREFORE, Plaintiff demands judgment against the Defendant for compensatory damages, punitive damages, costs, and such other and additional relief as this Court deems equitable and just.

## COUNT VII
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq.
### Discrimination Based on Race

117. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

118. Defendant's pattern of harassment against Plaintiff was based on her race.

119. Defendant's harassment was severe and pervasive.

120. Plaintiff performed her job according to Defendant's expectations from the beginning of her employment twenty-five years ago, through the duration of the administrative complaint process, and to the present.

121. Plaintiff suffered adverse employment action in the form of suspensions without pay, harassment, demeaning and abusive comments.

122. Plaintiff was treated less favorably than similarly situated non-Black employees and is continually singled out for abusive treatment by both supervisors and coworkers.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, costs, and such other and additional relief as this Court deems equitable and just.

## COUNT VIII
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq.
### Retaliation

123. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

124. Plaintiff engaged in statutorily protected activity by filing charges of race-based discrimination against Defendant with IDHR and EEOC.

125. Plaintiff performed her job according to Defendant's expectations from the beginning of her employment twenty-five years ago, through the duration of the administrative complaint process, and to the present.

126. Plaintiff suffered adverse employment action in the form of suspensions without pay, harassment, demeaning and abusive comments.

127. Plaintiff was treated less favorably than similarly situated employees and is continually singled out for abusive treatment by both supervisors and coworkers.

WHEREFORE, Plaintiff demands judgment against the Defendant for compensatory damages, punitive damages, costs, and such other and additional relief as this Court deems equitable and just.

## COUNT IX
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq.
### Discrimination Based on Sex

128. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

129. Defendant's pattern of harassment against Plaintiff was based on her sex

130. Defendant's harassment was severe and pervasive.

131. Plaintiff performed her job according to Defendant's expectations from the beginning of her employment twenty-five years ago, through the duration of the administrative complaint process, and to the present.

132. Plaintiff suffered adverse employment action in the form of suspensions without pay, harassment, demeaning and abusive comments.

133. Plaintiff was treated less favorably than similarly situated non-Black employees and is continually singled out for abusive treatment by both supervisors and coworkers.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, costs, and such other and additional relief as this Court deems equitable and just.

## COUNT X
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq.
### Retaliation

134. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

135. Plaintiff engaged in statutorily protected activity by filing charges of sex-based discrimination against Defendant with IDHR and EEOC.

136. Plaintiff performed her job according to Defendant's expectations from the beginning of her employment twenty-five years ago, through the duration of the administrative complaint process, and to the present.

137. Plaintiff suffered adverse employment action in the form of suspensions without pay, harassment, demeaning and abusive comments.

138. Plaintiff was treated less favorably than similarly situated male employees and is continually singled out for abusive treatment by both supervisors and coworkers.

WHEREFORE, Plaintiff demands judgment against the Defendant for compensatory damages, punitive damages, costs, and such other and additional relief as this Court deems equitable and just.

    Respectfully submitted,

    ROSE MINGE

    Plaintiff
    /s/ Rose Minge

## **CERTIFICATE OF SERVICE**

I, Rose Minge, hereby certify that a copy of the foregoing was filed electronically on November 23, 2020 by emailing Temporary_E-Filing@ilnd.uscourts.gov, pursuant to the United States District Court for the Northern District of Illinois, Eighth Amended General Order 20-0012.

Respectfully submitted,

/s/ Rose Minge

Rose Minge
Plaintiff